IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| SHERVON TUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 123-032 |
| ) | |
| DR. KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

### I.    BACKGROUND

Plaintiff applied for DIB on July 9, 2021, alleging a disability onset date of January 8, 2021. Tr. ("R."), pp. 55-56, 156-57. Plaintiff initially applied for benefits due to hidradenitis suppurativa in her upper arms and related complications, (R. 56, 183), which she testified to the Administrative Law Judge ("ALJ") included painful lesions that leak and required multiple surgeries and follow

up wound care. R. 37-38. She also reported chronic pain in her hips, knees, legs, ankles, and shoulder, as well as poor balance. R. 36-39. Plaintiff completed high school, (R. 40), and prior to her alleged disability date, at which time she was sixty years old, (R. 179), had accrued a twenty-nine-year work history as a childcare worker. R. 40. Plaintiff meets the insured status requirements of the Social Security Act for DIB through December 31, 2025. R. 18, 57.

The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 48-62. Plaintiff requested a hearing before an ALJ, (R. 80-81, 83-84), and the ALJ held a telephone hearing on August 16, 2022. R. 18, 32. Represented by counsel, Plaintiff appeared and testified, as did her husband and a vocational expert ("VE"). R. 30-47. When the ALJ presented the VE with a hypothetical concerning the ability to perform work as a daycare worker, the VE's transcribed response indicates a person with Plaintiff's characteristics could not, or perhaps could, perform her prior job. R. 44-46. On August 30, 2022, the ALJ issued a decision finding Plaintiff not disabled.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since her alleged onset date of January 8, 2021. (C.F.R. § 404.1571 *et seq*.).

2. The claimant has the following severe impairments: disorder of the knees, bilaterally; disorder of the left shoulder; dermatological disorder i.e., hidradenitis suppurativa (HS); and obesity. (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform light

      work as defined in 20 C.F.R. § 404.1567(b)[1] except she would be able to reach overhead with the right arm no more than occasionally. She would be able to reach in all other directions with the right arm no more than frequently. She would be able to reach overhead with the left arm no more than occasionally. She would be able to reach in all other directions with the left arm no more than frequently. She would be able to handle with the left arm no more than frequently. She would be able to climb ramps and stairs no more than occasionally. She would be able to climb ladders, ropes or scaffolds never. She would be able to kneel no more than occasionally. She would be able to crouch no more than occasionally. She would be able to crawl no more than occasionally. She could never be exposed to unprotected heights, hazardous moving mechanical parts, extreme cold and vibration. The claimant is capable of performing past relevant work as a daycare worker. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 404.1565).

R. 21-26.

      Because the ALJ determined Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from January 8, 2021, the alleged onset date, through the date of the administrative decision, August 30, 2022. R. 26. When the Appeals Council denied Plaintiff's request for review of the ALJ's second decision, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

requesting reversal or remand of that adverse decision.  Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ (1) misstated or misunderstood the VE's testimony regarding Plaintiff's ability to perform her prior job as a daycare worker; and (2) failed to properly apply the Medical-Vocational Guidelines (the "Grids").  See Pl.'s Br., doc. no. 9; Pl.'s Reply, doc. no. 11.  The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed.  See Comm'r's Br., doc. no. 10.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Substantial evidence is "more than a scintilla, but less than a preponderance:  '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).  If the Court finds substantial

evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

The case should be remanded for clarification of the ambiguous VE testimony concerning Plaintiff's ability to perform her prior job as a daycare worker. As explained below, the VE's testimony, when viewed as a whole, is confusing and could be interpreted two different ways. Plaintiff urges the Court to determine the meaning of the VE's testimony as showing Plaintiff cannot perform her prior work. Pl.'s Br., pp. 3-4. The Commissioner urges the Court to adopt the opposite position and determine "the Commissioner reasonably concluded that the VE testified the hypothetical individual with Plaintiff's characteristics and RFC would be able to perform the past work as it is generally performed in the national economy (at the light level)" but not as Plaintiff performed it at the medium level. Comm'r's Br., p. 10. The Commissioner rightly

concedes "the transcript could conceivably cause some confusion," (id.), but the Court disagrees with the assertion it can disregard the confusion and rely on other "inferences" to affirm the administrative decision, (id. at 12). As the actual meaning of the VE's testimony is critical to the disability determination, the case must be remanded for clarification in the first instance at the administrative level.

### A. VE's Testimony

Because of the importance of the VE's testimony, the Court recounts the exchange between the ALJ and the VE as presented in the record rather than relying on the paraphrasing used by both parties in the briefing.

| | | |
|---|---|---|
| ALJ: | | All right. Then, let me ask you to please describe for me the claimant's prior occupations. |
| VE: | | Sure, Your - - Your Honor. We have daycare worker, DOT #359.677-018, light with an SVP of 4. According to that description, Your Honor, she indicated she lifted up to 30 pounds, making the job medium, as performed. |
| ALJ: | | Okay. Okay, now let me ask you to please assume a hypothetical individual that's the same age, education, and work history as the claimant, who has the following limitations. This hypothetical individual would be able to reach overhead with the left arm, no more than occasionally, could reach overhead with the right arm, no more than occasionally, could reach in all other directions with both arms, no more than frequently, could climb ramps and stairs, no more than occasionally, could never climb ladders, ropes, or scaffolds, could kneel, crouch, and crawl, no more than occasionally, could never be exposed to extreme cold, could never be exposed to vibration, could bever be exposed to unprotected heights or hazardous moving mechanical parts. Would that hypothetical individual be able to perform the claimant's prior occupation as a daycare worker? |
| VE: | | Your Honor, she performed the medium level - - no she cannot perform her prior job, as established by the DOT. Yes, Your Honor. |

| | |
|---|---|
| ALJ: | Okay. Now let me ask you to please assume the same hypothetical individual that I just described, with all the same limitations, except as follows. This hypothetical individual would be able to handle with the left arm, no more than occasionally, and could reach overhead and in all other directions with both arms, no more than occasionally. And all other limitations would be the same as in my first hypothetical. Would that hypothetical individual be able to perform the claimant's prior occupation as a daycare worked, as it it's generally performed in the national economy? |
| VE: | No, Your Honor. |
| ALJ: | Okay. And let me ask you would there be any relevant transferable skills to the hypotheticals that I described? |
| VE: | Not - - not with this occupation, Your Honor. |
| ALJ: | Okay. Thank you. Okay. Okay. And has your testimony today been consistent with the <u>Dictionary of Occupational Titles</u>? |
| VE: | Yes, Your Honor. |

R. 44-46.

**B.     The VE's Testimony Is Open to Two Different Interpretations and Must Be Clarified at the Administrative Level**

The Commissioner's regulations establish a five-step sequential process for evaluating a claim for disability:

1. Is the individual performing substantial gainful activity;

2. Does she have a severe impairment;

3. Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4. Can she perform her past relevant work; and

5. Based on her age, education, and work experience, can she perform other work of the sort found in the national economy.

Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520), *superseded on other grounds by* 20 C.F.R. § 404.1520c.

When addressing step four in his written opinion, the ALJ stated the VE testified Plaintiff has worked as a daycare worker, DOT #359.677-018, generally performed at the light exertion level and medium exertion level as actually performed. R. 26. Both sides agree that based on Plaintiff's RFC for light work, Plaintiff could not perform her past work as she performed it at the medium level. The parties disagree, however, over the ALJ's statement that the VE "testified that an individual with the claimant's age, education, and residual functional capacity could perform the claimant's past job as a daycare worker as generally performed in the national economy," (R.26), that is at the light exertional level as contemplated in DOT # 359.677-018.

As recounted above, the VE started her testimony by identifying the DOT job number for a daycare worker and explaining that job number contemplates light work, but Plaintiff performed her work at the medium level. When the ALJ presented his first hypothetical, he made no distinction between the DOT light level of work as generally performed versus as Plaintiff performed it at the medium level. R. 45 ("Would that hypothetical individual be able to perform the claimant's prior occupation as a daycare worker?). As transcribed, the VE's response mentions both Plaintiff's prior work at the medium level and then references the DOT job without mentioning general performance at the light level: "Your Honor, she performed the medium level - - no she cannot perform her prior job, as established by the DOT. Yes, Your Honor." R. 45. Plaintiff believes the VE's response indicates she cannot perform as a daycare worker at the medium or light level. In other words, the final "Yes, Your Honor" is simply an address to the ALJ after the negative response has been concluded.

8

On the other hand, the Commissioner believes the transcription should read as follows: Your Honor, she performed the medium level - - no she cannot perform her prior job.  As established by the DOT (at the light level), yes, Your Honor.  In other words, the Commissioner believes the VE gave two distinct responses rather than the one advocated by Plaintiff.  Thus goes the argument, the ALJ could rely on the portion of the VE's response the Commissioner believes indicates Plaintiff can do the work of a daycare worker as it is generally performed in the national economy at the light level and as is consistent with Plaintiff's RFC.

"Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice."  Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 (11th Cir. 2015) (*per curiam*) (citation omitted). Here, there is a gap in the record as to exactly what the VE's response to the ALJ's first hypothetical means.  Of course, an ALJ is entitled to rely on a VE's testimony as the substantial evidence necessary to support a conclusion that a claimant can perform a significant number of jobs in the national economy.  See Barchard v. Comm'r of Soc. Sec., 628 F. App'x 685, 686-87 (11th Cir. 2015) (*per curiam*); McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987). However, in this instance, the VE's response is open to multiple interpretations, one of which clearly prejudices Plaintiff as to the finding of non-disability.  While the Commissioner plausibly argues for a transcription error / discrepancy, the correct placement of the punctuation has significant ramifications for the ultimate outcome of the case.  Cf. Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (explaining harmless error may be excused as to misstatement of facts or incorrect application of regulations that are irrelevant to ultimate disability determination).

The Court recognizes the VE's testimony may well support the conclusion that Plaintiff can perform her past job as a daycare worker as performed in the national economy at the light

9

exertional level. However, the Court cannot discern or otherwise speculate as to the meaning of the VE's testimony as currently transcribed such that it can conclude the testimony provides substantial evidence that Plaintiff can perform her past relevant work. See Groettum v. Comm'r of Soc. Sec., No. 2:17-cv-611-FTM-29CM, 2019 WL 488260, at *15 (M.D. Fla. Jan. 7, 2019) (explaining court cannot engage in speculation, assumption, or otherwise attempt to decipher or discern a basis for concluding substantial evidence supports disability determination that is not clear from administrative record), *adopted by* 2019 WL 290598 (M.D. Fla. Jan. 23, 2019). The Court is not persuaded by the Commissioner's citation to cases suggesting it can disregard "that the VE's testimony is open to more than one interpretation" and still conclude the administrative decision is supported by substantial evidence. Comm'r's Br. pp. 11-12. Not only does the Commissioner cite to non-binding precedent out of the Ninth Circuit, but the district court case cited from within the Eleventh Circuit dealt with error in overestimating the number of jobs available in the national economy - a calculation which may have supported an alternative finding regarding the number of available jobs but which would not have changed the ultimate disability determination. See Feliciano v. Comm'r of Soc. Sec., No. 5:19-cv-428-OC-18PRL, 2020 WL 5947878, at *3-4 (M.D. Fla. Sept. 3, 2020), *adopted by* 2020 WL 5946624 (M.D. Fla. Oct. 7, 2020).

Here, the ambiguity created by the VE's answer and the transcription thereof is critical to the ultimate disability determination. Under one interpretation, the sequential evaluation process stops, and Plaintiff is found not disabled. Under the opposing interpretation, Plaintiff cannot perform her past relevant work, the process moves to step five, and the burden shifts to the Commissioner to show there are jobs in the national economy Plaintiff can perform.

The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application. Indeed, the Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). However, for the reasons set forth above, the Court cannot affirm the administrative decision as supported by substantial evidence. As such, remand is warranted. The Court need not address Plaintiff's remaining contention regarding alleged error in failing to properly apply the Grids.[2]  See Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on two of four issues but instructing reconsideration of applications on remand based entire record); Demenech v. Sec'y of Dep't of Health and Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (*per curiam*) (declining to address all issues where case due to be remanded on dispositive issue identified and discussed in detail).

---

[2]In any event, the Court notes Plaintiff's argument that the ALJ failed to properly apply the Grids is premature because the Grids are used at the fifth step of the sequential evaluation process. See Phillips v. Barnhart, 357 F.3d 1232, 1239-40 (11th Cir. 2004); 20 C.F.R. 404.1569 (explaining application of Grids at fifth step). Here, the sequential evaluation process stopped at the fourth step when the ALJ determined Plaintiff could perform her past relevant work as it is generally performed in the national economy. Thus, the ALJ never had occasion to consider the Grids.

11

Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 11th day of October, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA